UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND M. DOUGLAS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No.  2:16-cv-0415 MCE AC (PS)<br><br><br><br>ORDER |

Plaintiff is proceeding in this action pro se.  This proceeding was referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21).  This case is related to <u>Douglas v. City of Sacramento</u>, 2:16-cv-0375 (E.D. Cal.).  ECF No. 5.

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis ("IFP").  Plaintiff has submitted the affidavit required by Section 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them.  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

I.  SCREENING

Granting IFP status does not end the court's inquiry, however.  The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

1

Plaintiff must assist the court in making this determination by drafting his complaint so that it contains a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), as well as a short and plain statement showing that plaintiffs are entitled to relief (that is, who harmed the plaintiffs, and in what way). Plaintiff's claims must be set forth simply, concisely and directly. See "Rule 8" of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 8). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. Forms are also available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor, Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).

However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II.  THE COMPLAINT

The following description assumes, for purposes of this screening only, the truth of the allegations of the complaint.  On March 23, 2015 at or around 10:30 p.m., non-defendant Police Officer Rath, Badge # 610, and defendant Sacramento County Sheriff's Deputy Huffman, Badge # 458, used excessive force while arresting plaintiff, which force included breaking plaintiff's arm.[1]  Complaint (ECF No. 1) ¶¶ 6-12.  The complaint alleges that there was no reasonable suspicion nor probable cause for the arrest.  Id. ¶ 74.  According to the complaint, defendant Sacramento County Sheriff's Deputy Peter Cress, Badge # 578, negotiated a $2,000 settlement with plaintiff, for all claims arising out of this incident.  Complaint ¶ 26-28, 37.  The complaint also names the County of Sacramento and the Sacramento County Sheriff's Department as defendants, but makes no allegations against them.  The complaint names no other defendants.

## III.  ANALYSIS

The complaint states a cognizable Section 1983 (42 U.S.C. § 1983) claim for relief against defendant Huffman for the use of excessive force, unlawful arrest and unlawful seizure, in violation of the Fourth Amendment to the U.S. Constitution.  If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.[2]  See Green v. City & Cty. of San Francisco, 751 F.3d 1039 (9th Cir. 2014) (plaintiff entitled to go to trial on Section 1983 claims for unlawful seizure, unlawful arrest and excessive force).

However, the complaint fails to state a cognizable claim against Cress, the County of Sacramento or the Sacramento County Sheriff's Department.  Cress is alleged only to have negotiated a settlement of plaintiff's claims related to the alleged conduct of Huffman and non-defendant Rath.  No violation of any federal right is alleged to be involved in that process.  As for

---

[1] Plaintiff sued Rath in a separate lawsuit.  See Douglas v. City of Sacramento, 2:16-cv-0375, ECF No. 1 (E.D. Cal. February 22, 2016) (complaint).

[2] The court notes that plaintiff admits that he has already signed a "Release of all Claims" related to this incident, and was paid $2,000 in settlement.  Complaint ¶¶ 27-28.  However, "[s]ettlement and release is an affirmative defense" that is subject to waiver by defendant.  Lowery v. Channel Communications, Inc. (In re Cellular 101, Inc.), 539 F.3d 1150, 1155 (9th Cir. 2008) (citing Fed. R. Civ. P. 8(c), which includes "release" in the list of affirmative defenses).  As such, this admission does not mean that plaintiff has failed to state a claim, or that the claim is frivolous, for screening purposes.  The court also notes that plaintiff alleges that the Release was the result of "duress and undue influence."  Complaint ¶ 4.

3

the county defendants, they cannot be held liable under Section 1983 based solely upon the conduct of Deputy Huffman, as that would be "vicarious liability." See Connick v. Thompson, 563 U.S. 51, 60 (2011)) (municipal defendants "are not vicariously liable under § 1983 for their employees' actions"). Instead, these defendants can be held liable only for the harm caused by their own actions and policies. Id. (municipal defendants "are responsible only for their own illegal acts") (internal quotation marks omitted); Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978). Therefore, "to prevail on a Fourth Amendment § 1983 claim against a municipal defendant or police department," plaintiff must allege facts showing:

> (1) that he was "deprived of [his] constitutional rights by defendants and their employees acting under color of state law; (2) that the defendants have customs or policies which amount to deliberate indifference to ... constitutional rights; and (3) that these policies [were] the moving force behind the constitutional violations."

Gant v. County of Los Angeles, 772 F.3d 608, 617 (9th Cir. 2014) (quoting Lee v. City of Los Angeles, 250 F.3d 668 (9th Cir. 2001)).

One way the "customs or policies" requirement can be satisfied is if plaintiff can truthfully allege facts showing that he was harmed by the municipal defendants' custom or policy of conducting inadequate "training or supervision," where that training or supervision "is sufficiently inadequate as to constitute 'deliberate indifference' to the righ[t]s of persons" with whom its deputies come into contact. Davis v. City of Ellensburg, 869 F.2d 1230, 1235 (9th Cir. 1989) (quoting City of Canton v. Harris, 489 U.S. 378 (1989)). The requirement can also be satisfied if plaintiff can truthfully allege facts showing that the municipal defendants ratified Officer Huffman's allegedly unconstitutional conduct. See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989) (Section 1983 claim may be made out by acquiescence in a longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity).

Plaintiff's complaint alleges no such facts against the municipal defendants, and therefore, the complaint fails to state a claim against them.

////

IV.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2), is GRANTED.

2. Service is appropriate for the following defendant: Sacramento County Sheriff's Deputy Huffman, Badge # 458.

3. The Clerk of the Court is directed to send to plaintiff an instruction sheet for service of process by the United States Marshal.  The Clerk shall also issue and send to plaintiff, without prepayment of costs, all process pursuant to Federal Rule of Civil Procedure 4.  Specifically, for each defendant in paragraph 2 above, the Clerk shall send plaintiff: one USM-285, one summons, an endorsed copy of the complaint, and an appropriate form for consent to trial by a magistrate judge.

4. Plaintiff may proceed now to serve Officer Huffman, as described below at **paragraph 5**, and pursue his claims against only that defendant.  Alternatively, plaintiff may forego serving Officer Huffman, and attempt to state a cognizable claim against the County of Sacramento and the Sacramento County Sheriff's Department, as described below at **paragraph 6**.[3]

5. **If plaintiff elects to proceed against Officer Huffman alone**, then he must comply with the service instructions, below.  In this event the court will construe plaintiff's election as consent to the dismissal of all claims against the City of Sacramento and the Sacramento Police Department, without prejudice.

   a. Plaintiff is directed to supply the U.S. Marshal, within 30 days from the date this order is filed, all information needed by the Marshal to effect service of process (listed below).  Within 10 days of having supplied this information, **plaintiff shall file a statement with the court that said documents have been submitted to the United States Marshal** (see attachment).  The required documents shall be submitted directly to the United States Marshal

---

[3] Alternatively, if plaintiff no longer wishes to pursue this action, plaintiff may file a notice of voluntary dismissal without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.

5

either by personal delivery or by mail to: United States Marshals Service, 501 "I" Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030). The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant in paragraph 2 above, at least:

(1) One completed summons;

(2) One completed USM-285 form;

(3) One copy of the endorsed filed complaint, with an extra copy for the United States Marshal;

(4) One copy of the form to consent or decline to consent to magistrate judge jurisdiction; and

(5) One copy of this order.

b. The United States Marshal is directed to serve process promptly on each defendant identified in paragraph 2 above, without prepayment of costs.

c. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

d. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030).

6. **If plaintiff elects to amend his complaint to state a cognizable claim against the municipal defendants, he has thirty days so to do**. Plaintiff is not obligated to amend his complaint. However, if he does so, he should keep the following in mind.

a. Plaintiff is cautioned that if he elects to amend his complaint, the amended complaint will also be subject to screening, and that the same screening standards as were set forth above will apply.

b. The amended complaint cannot refer to a prior complaint in order to make the amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. That is because the amended complaint will supersede the prior complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must

6

be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged.

   c. Any amended complaint which plaintiff may elect to file must include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims. That is, plaintiff is advised to allege the facts explaining the actions taken by the named defendants, or their failure to act, which he believes caused the harm complained of.

   7. Failure by plaintiff to comply with this order may result in a recommendation that this action be dismissed.

DATED: May 4, 2016

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

Case 2:16-cv-00415-MCE-AC   Document 6   Filed 05/04/16   Page 8 of 8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND M. DOUGLAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>　　　　　Defendants. | No.  2:16-cv-0415 MCE AC (PS)<br><br>NOTICE OF SUBMISSION |

　　　　Plaintiff has submitted the following documents to the U.S. Marshal, in compliance with the court's order filed _____:

　　　　\_\_\_\_　completed summons form(s)

　　　　\_\_\_\_　completed USM-285 form (s)

　　　　\_\_\_\_　copy(ies) of the complaint

　　　　\_\_\_\_　completed form(s) to consent or decline to consent to magistrate judge jurisdiction

_____　　_____

Date　　　　　　　　　　　　　　　　　　　　　　Plaintiff's Signature