UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND M. DOUGLAS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:16-cv-0415 MCE AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se and in forma pauperis. This proceeding was referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21).[1] On May 4, 2016, the court screened plaintiff's original complaint, and determined that plaintiff could proceed with his Section 1983 (42 U.S.C. § 1983) claims against defendant Sacramento County Sheriff's Deputy Huffman, Badge # 458. ECF No. 6. The court also determined that plaintiff failed to state claims against defendants Sacramento County Sheriff's Deputy Peter Cress - Badge # 578, the County of Sacramento, and the Sacramento County Sheriff's Department. Id.

Plaintiff was advised that he could proceed against defendant Huffman alone, or he could amend his complaint to attempt to state claims against the remaining defendants. Id. Plaintiff

---

[1] This case is related to Douglas v. City of Sacramento, 2:16-cv-0375 MCE AC (E.D. Cal.). ECF No. 5.

1

amended his complaint. See ECF No. 11 (Second Amended Complaint).[2]

That Second Amended Complaint ("Complaint") will therefore be screened. As discussed below, the Complaint does not cure the deficiencies of the original complaint.

## I. THE COMPLAINT

The following description assumes, for purposes of this screening only, the truth of the allegations of the Complaint. On March 23, 2015 at or around 10:30 p.m., non-defendant Police Officer Rath, Badge # 610, and defendant Sacramento County Sheriff's Deputy Huffman, Badge # 458, used excessive force while arresting plaintiff, which force included breaking plaintiff's arm.[3] Complaint (ECF No. 11) ¶¶ 6-12. Huffman searched plaintiff's person and belongings. Id. ¶¶ 11, 84-85. The complaint alleges that there was no reasonable suspicion nor probable cause for the search or the arrest. Id. ¶¶ 74, 84-85.[4] According to the complaint, defendant Sacramento County Sheriff's Deputy Peter Cress, Badge # 578, negotiated a $2,000 settlement with plaintiff, for all claims arising out of this incident. Complaint ¶¶ 4, 26-28, 37, 80-81. However, plaintiff alleges that the settlement was made "under duress and undue influence," and is "void." Complaint ¶¶ 4, 80, 81.

The complaint again names the County of Sacramento and the Sacramento County Sheriff's Department as defendants, but once again makes no allegations against them. The complaint names no other defendants.

## II. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

---

[2] Plaintiff filed his First Amended Complaint on May 23, 2016. ECF No. 9. He filed his Second Amended Complaint on May 25, 2016. ECF No. 11. The court will treat the Second Amended Complaint as the operative complaint.
[3] Plaintiff sued Rath in the related lawsuit. See Douglas v. City of Sacramento, 2:16-cv-0375 MCE AC, ECF No. 1 (E.D. Cal. February 22, 2016) (complaint).
[4] The Complaint alleges that the search was unlawful, and that plaintiff's privacy was "uselessly invaded" by the search. Complaint ¶ 84. The court interprets this to mean that the search was done without reasonable suspicion or probable cause.

2

Plaintiff must assist the court in making this determination by drafting his complaint so that it contains a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), as well as a short and plain statement showing that plaintiffs are entitled to relief (that is, who harmed the plaintiffs, and in what way). Plaintiff's claims must be set forth simply, concisely and directly. See "Rule 8" of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 8). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. Forms are also available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor, Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).

However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

III.  ANALYSIS

The Complaint states a cognizable Section 1983 (42 U.S.C. § 1983) claim for relief against defendant Huffman for the use of excessive force, unlawful arrest and unlawful search and seizure, in violation of the Fourth Amendment to the U.S. Constitution.  If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.  See Green v. City & Cty. of San Francisco, 751 F.3d 1039 (9th Cir. 2014) (plaintiff entitled to go to trial on Section 1983 claims for unlawful seizure, unlawful arrest and excessive force).

However, as discussed more fully in the court's prior order (ECF No. 6), the complaint fails to state a cognizable claim against Cress, the County of Sacramento, or the Sacramento County Sheriff's Department.  Cress is alleged only to have negotiated a settlement of plaintiff's claims related to the alleged conduct of Huffman and non-defendant Rath.  No violation of any federal right is alleged to be involved in that process, and none is suggested by the facts.  As for the county defendants, they cannot be held liable under Section 1983 based solely upon the conduct of Deputy Huffman, as that would be "vicarious liability."  See Connick v. Thompson, 563 U.S. 51, 60 (2011)) (municipal defendants "are not vicariously liable under § 1983 for their employees' actions").  Instead, these defendants can be held liable only for the harm caused by their own actions and policies.  Id. (municipal defendants "are responsible only for their own illegal acts") (internal quotation marks omitted); Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978).

Plaintiff has been given the opportunity to cure the defects in the complaint regarding those defendants, but he has completely failed to do so.  Accordingly, the undersigned believes it would be futile to permit plaintiff another opportunity to amend his complaint.[5]

---

[5] As in his original complaint, plaintiff does use the words "custom" and "ratify" regarding the conduct of the County Sheriff's office.  See Complaint ¶¶ 59, 60, 88.  By these terms, plaintiff appears to be referring to the manner in which the County addressed the complaint he filed with the County Sheriff's Internal Affairs Division.  However, plaintiff simply repeats his allegations that Internal Affairs conducted an investigation, and quickly settled with him for $2,000, after initially offering $500.  There is once again no allegation that, for example, Internal Affairs had a (continued…)

IV.  CONCLUSION

For the reasons stated above, IT IS HEREBY RECOMMENDED that:

1.  All Section 1983 claims against defendants Cress, the County of Sacramento, and the County of Sacramento County Sheriff's Department should be DISMISSED with prejudice, and all state claims against those defendants should be dismissed without prejudice to their renewal in an appropriate state forum;

2.  Service is appropriate for the following defendant: Sacramento County Sheriff's Deputy Huffman, Badge # 458.  Accordingly, if the district judge adopts these recommendations, the following service instructions should be issued to effect service upon that defendant.

a.  Plaintiff is directed to supply the U.S. Marshal, within 30 days from the date of the district judge's order, all information needed by the Marshal to effect service of process (listed below).[6]  Within 10 days of having supplied this information, **plaintiff shall file a statement with the court that said documents have been submitted to the United States Marshal** (see attachment).  The required documents shall be submitted directly to the United States Marshal either by personal delivery or by mail to:  United States Marshals Service, 501 "I" Street, Suite 5600, Sacramento, CA  95814 (tel. 916-930-2030).[7]  The court anticipates that, to

---

practice of simply offering a pay-off to a homeless complainant (large in the eyes of an impoverished complainant, small in the eyes of the County), and then declining to investigate, thus allowing the alleged harassment to continue unabated.  If alleged, such conduct could conceivably be evidence of ratification.  See  Fuller v. City of Oakland, Cal., 47 F.3d 1522, 1535 (9th Cir. 1995) (failure to investigate in an unbiased manner could be evidence of a Section 1983 violation).  To the contrary, plaintiff alleges that he was told that the investigation would continue even after the settlement.  Complaint ¶ 27.  Plaintiff's issue seems to be that he was compensated so quickly even though the investigation was not completed, and that no further compensation would come to him once the investigation was over.  See Complaint ¶ 29 ("Upon the plaintiff's confusion, did he inquire as to why he was compensated so quickly given the investigation not being complete. In response to the plaintiff, did Sgt. /Lt. Donelli state that the $2,000.00 dollar agreement was a 'good deed' and also did he state that he did not know if there would be further compensation thereafter the investigation.").

[6]  Alternatively, if plaintiff no longer wishes to pursue this action, plaintiff may file a notice of voluntary dismissal without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.

[7]  The court has already ordered the Clerk of the Court to supply plaintiff with these materials.  See ECF No. 6 at 5 ¶ IV(3).

5

effect service, the U.S. Marshal will require, for each defendant in paragraph 2 above, at least:

    (1)  One completed summons;

    (2)  One completed USM-285 form;

    (3)  One copy of the endorsed filed complaint, with an extra copy for the United States Marshal;

    (4)  One copy of the form to consent or decline to consent to magistrate judge jurisdiction; and

    (5)  One copy of this order.

b. The United States Marshal is directed to serve process promptly on each defendant identified in paragraph 2 above, without prepayment of costs.

c. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

d. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030).

3. Failure by plaintiff to comply with this order may result in a recommendation that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 7, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND M. DOUGLAS,<br><br>          Plaintiff,<br><br>     v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>          Defendants. | No.  2:16-cv-0415 MCE AC (PS)<br><br>NOTICE OF SUBMISSION |

    Plaintiff has submitted the following documents to the U.S. Marshal, in compliance with the court's order filed _____:

    \_\_\_\_    completed summons form(s)

    \_\_\_\_    completed USM-285 form (s)

    \_\_\_\_    copy(ies) of the complaint

    \_\_\_\_    completed form(s) to consent or decline to consent to magistrate judge jurisdiction

_____          _____
Date                                                                                          Plaintiff's Signature