UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND M. DOUGLAS,<br><br>            Plaintiff,<br><br>      v.<br><br>CITY OF SACRAMENTO, et al.,,<br><br>            Defendants. | No.  2:16-cv-375 MCE AC (PS)<br><br><br><br><br><br>ORDER |
| RAYMOND M. DOUGLAS<br><br>            Plaintiff,<br><br>      v.<br><br>COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, DEP. HUFFMAN, DEP. PETER CRESS,<br><br>            Defendants. | No. 2:16-cv-415 MCE AC (PS) |

   These two related cases were set for Joint Status Conferences on this court's calendar of November 16, 2016 at 10:00 a.m.  The court has just learned that the defendants have not been served, although the summonses for all defendants have been provided to the Marshal's Office as

1

of September 23, 2016. There are, therefore, no defendants to participate in a Joint Conference at this time. The court will therefore vacate the November 16, 2016 calendar and reset the Joint Status Conferences for these two cases on December 14, 2016 at 10:00 a.m., in Courtroom 26.

Pursuant to the provisions of Federal Rule of Civil Procedure 16 and Local Rule 240, IT IS HEREBY ORDERED that:

1. Plaintiff shall serve a copy of this order and a copy of the form "Consent to Proceed Before United States Magistrate Judge" to counsel for each defendant upon receipt of each defendant's Response to the Complaint, or upon the defendant if he is not represented by counsel, and plaintiff shall file with the court a certificate of such service.

2. Failure to comply with the Federal Rules of Civil Procedure or Local Rules of Practice for the United States District Court, Eastern District of California, or with orders of this court, may result in dismissal of this action. Even parties without counsel will be expected to comply with the procedural rules.

3. A Status (Pretrial Scheduling) Conference is set for December 14, 2016 at 10:00 a.m. in Courtroom No. 26, before the undersigned. All parties shall appear by counsel or in person if acting without counsel.

4. Not later than fourteen (14) days prior to the Status Conference, the parties shall file status reports addressing the following matters:

    a. Service of process;

    b. Possible joinder of additional parties;

    c. Any expected or desired amendment of the pleadings;

    d. Jurisdiction and venue;

    e. Anticipated motions and their scheduling;

    f. The report required by Federal Rule of Civil Procedure 26 outlining the proposed discovery plan and its scheduling, including disclosure of expert witnesses;

    g. Future proceedings, including setting appropriate cut−off dates for discovery and law and motion, and the scheduling of a pretrial conference and trial;

    h. Special procedures, if any;

    i.  Estimated trial time;

    j.  Modification of standard pretrial procedures specified by the rules due to the simplicity or complexity of the proceedings;

    k.  Whether the case is related to any other cases, including bankruptcy;

    l.  Whether a settlement conference should be scheduled;

    m.  Whether counsel will stipulate to the magistrate judge assigned to this matter acting as settlement judge and waiving disqualification by virtue of her so acting, or whether they prefer to have a settlement conference before another judge;

    n.  Any other matters that may add to the just and expeditious disposition of this matter.

  5  Plaintiff and counsel are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition (see Local Rule 160). In addition, the parties are cautioned that pursuant to Local Rule 230(c), opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date. The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party." Moreover, Local Rule 230(i) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in sanctions. Finally, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

  6.  The parties are informed that they may, if all consent, have this case tried by a United States Magistrate Judge while preserving their right to appeal to the Ninth Circuit Court of Appeals. See 28 U.S.C. § 636(c). The form for consent to trial by a magistrate judge is attached. Any party choosing to consent may complete the form and return it to the Clerk of the Court. Neither magistrate judge nor the district judge handling the case will be notified of the filing of a consent form unless all parties to the action have consented.

////

////

7. The Clerk of the Court is directed to send plaintiff copies (one for each defendant plus one for the plaintiff) of the form, "Consent to Proceed Before United States Magistrate Judge," with this order.

DATED: November 1, 2016

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE